# EXHIBIT A

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| ANNIE BOONE, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| ) | FILE NO.: _____ |
| vs. ) | |
| ) | |
| AIRBNB, INC., STACEY WONG, ) | |
| KEENAN WONG, and JOHN DOES 1-5, ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

### COMPLAINT FOR DAMAGES

COMES NOW ANNIE BOONE (hereafter "Plaintiff") and files this Complaint for Damages, and shows the Court the following:

### JURISDICTION AND VENUE

1.

Plaintiff suffered personal injuries at 1125 Reunion Place, Atlanta, Fulton County, Georgia 30331 ("the Premises"). The Premises is a two-story residential house which was owned, occupied, managed, and/or maintained by Defendants Stacey Wong ("Defendant Stacey Wong"), Keenan Wong ("Defendant Kennan Wong"), and Airbnb, Inc. ("Defendant Airbnb"). At all times relevant to this Complaint, Defendants operated the Premises as an "Airbnb" property, leasing it to third parties ("Guests").

2.

Defendants Stacey Wong and Keenan Wong may be served with the Summons and a copy of the Complaint by serving them at their residence located at 14225 NW 3rd Avenue, Miami, Florida 33168.

3.

Defendant Airbnb, Inc. is a foreign for-profit corporation organized under the laws of the State of California and with its principal place of business in the State of California. Defendant Airbnb, Inc. may be served with the Summons and a copy of the Complaint by and through its registered agent for service of process, CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

4.

Jurisdiction and venue are proper in this Court.

**FACTS**

5.

Defendant Airbnb operates a business through which it partners with homeowners ("Hosts") to make properties throughout the world available for rent to Guests who submit payment to Defendant Airbnb. Defendant Airbnb and its Hosts share the payments collected from Guests.

6.

Defendant Airbnb works with its Hosts to market the Hosts' properties, to locate Guests, to screen Guests, and to collect payment from Guests. In addition, Defendant Airbnb provides support for its Hosts in various ways, including, but not limited to, the following: lobbying local governments on issues important to Defendant Airbnb and its Hosts, litigating against various entities to make it, or keep it, legal for Airbnb and its Hosts to rent their properties to Guests, and providing insurance and crises response services to Hosts.

7.

Defendant Airbnb and its Hosts mutually agree to comply with certain rules and

procedures for one another's benefit.

8.

In or around October 2017, Defendant Stacey Wong purchased the Premises.

9.

Prior to Defendant Stacey Wong purchasing the Premises, the Premises had been vacant for some time and required repairs.

10.

After Defendant Stacey Wong purchased the Premises, Defendant Keenan Wong renovated and repaired the Premises.

11.

Defendant Keenan Wong actively participated in the renovation and repair of the Premises.

12.

Defendant Stacey Wong partnered with Defendant Airbnb to rent the Premises to Guests. As such, Defendant Stacy Wong was an Airbnb Host.

13.

Upon information and belief, Defendant Stacey Wong owns and/or has owned properties in addition to the Premises which she has rented to Airbnb Guests.

14.

At all times relevant to this Complaint, Defendant Stacey Wong owned, occupied, managed, and/or maintained the Premises.

15.

At all times relevant to this Complaint, Defendant Keenan Wong occupied, managed,

and/or maintained the Premises.

16.

At all times relevant to this Complaint, Defendant Airbnb occupied, managed and/or maintained the Premises.

17.

On July 22, 2020, Plaintiff was a business invitee of Defendants and was present on the Premises.

18.

On July 22, 2020, Plaintiff was on the second story of the Premises when, suddenly and without warning, the floor collapsed under her.

19.

Plaintiff fell through the second story floor to the first story of the Premises.

20.

Both on and before July 22, 2020, Defendants negligently, maintained, repaired, inspected, and/or failed to warn Plaintiff of the hazardous condition of the floor inside the Premises.

21.

As a result of the fall, Plaintiff sustained injuries and incurred damages.

## COUNT I - PREMISES LIABILITY OF DEFENDANTS

22.

Plaintiff re-alleges and incorporates paragraphs 1 through 21 above, and further alleges as follows:

23.

Defendants induced or led Plaintiff to come upon the Premises, and therefore pursuant to

O.C.G.A. § 51-3-1 owed a duty to Plaintiff to exercise that degree of care exercised by an ordinarily prudent premises owner under the same or similar circumstances to protect Plaintiff, their business invitee, from dangerous conditions of which said Defendants had actual and/or constructive knowledge.

24.

Defendants breached the above stated duty of care owed Plaintiff.

25.

Defendants breached the duty of care owed Plaintiff when they failed to maintain the Premises in a reasonably safe condition.

26.

Defendants were also negligent and/or negligent per se as follows:

a. By violating the Fulton County building code or ordinances and the Fulton County building code or ordinances.

b. By failing to comply with the State of Georgia Building Code Requirements;

c. By failing to comply with OSHA, ANSI, The International Building Code or other industry standards;

d. By otherwise violating a duty imposed by statute; and

e. By ratifying or participating in the negligent and/or negligent per se conduct of Defendants, who were in violation of one or more of the above-listed standards or codes.

27.

Defendants at all relevant times had actual and/or constructive knowledge of the dangerous condition of the Premises superior to that of Plaintiff's knowledge of the dangerous condition.

Indeed, Plaintiff had no knowledge of the dangerous condition of the Premises.

28.

Plaintiff exercised all ordinary care owed under the circumstances.

29.

As a result of said Defendants' above referenced negligence, Plaintiff was injured.

30.

Defendants' breach of their duty of care was a direct, substantial and proximate cause of the injuries suffered by Plaintiff.

31.

As a direct, substantial and proximate result of the negligence of Defendants, Plaintiff sustained physical injuries and has incurred medical expenses.

32.

As a further direct, substantial and proximate result of the negligence of Defendants, Plaintiff will incur future medical expenses.

33.

As a further direct, substantial and proximate result of the negligence of Defendants, Plaintiff has endured and continues to endure, mental and physical pain and suffering. Plainiff's injuries will result in continued pain and suffering in the future.

## COUNT II - ACTIVE NEGLIGENCE OF DEFENDANTS

34.

Plaintiff re-alleges and incorporates paragraphs 1 through 33 above, and further alleges as follows:

35.

In maintaining, inspecting, repairing, and/or renovating the floor inside the second story of the Premises, Defendants owed a duty to Plaintiff to exercise the reasonable degree of care, skill and ability which under similar conditions and like surrounding circumstances, is ordinarily employed by others.

36.

By failing to exercise the reasonable degree of care, skill and ability required under the circumstances, said Defendants exposed Plaintiff to an unreasonable risk of harm.

37.

Defendants acted negligently in performing the above referenced work, failed to act in a workmanlike manner, and were negligent per se.

38.

In addition, pursuant to O.C.G.A. § 51-2-5, Defendants are liable for the negligent acts or omissions of other contractors involved in the maintenance, inspection, and/or repair of the subject Premises as follows:

  a. By violating the Fulton County building code or ordinances and the Fulton County building code or ordinances.
  b. By failing to comply with the State of Georgia Building Code Requirements;
  c. By failing to comply with OSHA, ANSI, The International Building Code or other industry standards;
  d. By otherwise violating a duty imposed by statute; and

e. By ratifying or participating in the negligent and/or negligent per se conduct of Defendants, who were in violation of one or more of the above-listed standards or codes.

39.

As a direct, substantial and proximate cause of said Defendants' negligent failure to perform the work with the reasonable degree of care, skill and ability required under the circumstances, including but not limited to the above referenced acts or omissions, Plaintiff was injured.

40.

Plaintiff exercised all ordinary care owed under the circumstances.

41.

Defendants breach of their duty of care was a direct, substantial and proximate cause of the injuries suffered by Plaintiff.

42.

As a direct, substantial and proximate result of the negligence of Defendants, Plaintiff sustained physical injuries and incurred.

**COUNT III– DEFENDANTS' VICARIOUS LIABILITY**

43.

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44.

Defendant Airbnb is vicariously and indirectly liable for each and every act and omission stated herein and the resulting damages.  More specifically, Defendant Airbnb is vicariously liable

for the acts and omissions of Defendants Stacey Wong and Keenan Wong.

45.

At all times material to this lawsuit, Defendant Airbnb and Defendants Stacey Wong acted as agents of one another and are therefore vicariously liable for the acts and omissions of one another.

46.

At all times material to this lawsuit, Defendants Airbnb, Stacey Wong, and Keenan Wong were engaged in a joint venture and enterprise and acted in concert in the management, operation, and control of the Premises.  Therefore, they are vicariously liable for the acts and omissions of one another.

47.

As a direct, substantial and proximate result of the negligence of Defendants, Plaintiff sustained physical injuries and incurred.

## COUNT IV – ATTORNEY'S FEES AND EXPENSES OF LITIGATION

48.

Plaintiff re-alleges and incorporates paragraphs 1 through 47 above, and further alleges as follows.

49.

Defendants have exhibited bad faith, been stubbornly litigious and have caused Plaintiff unnecessary trouble and expense, thereby entitling Plaintiff to recover her expenses of litigation, including her reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11 or other applicable law in accordance with the evidence.

**WHEREFORE**, Plaintiff prays for the following relief:

(a) That Defendants be served with a copy of this Complaint and a summons as provided by law;

(b) That Plaintiff be awarded compensatory damages as will fully compensate her for her reasonable medical expenses;

(c) That Plaintiff recover for her physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a fair and impartial jury;

(d) That Plaintiff recover reasonable attorney's fees and costs of litigation as allowed under Georgia law.

(e) That Plaintiff recover any further relief that may be just, proper and equitable under the circumstances; and,

(f) That Plaintiff be granted a trial by jury on all issues herein.

Respectfully submitted this 15th day of March, 2022.

/s/ Adam P. Princenthal
Adam P. Princenthal
Georgia Bar No. 588219

PRINCENTHAL, MAY & WILSON, LLC
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, GA 30328
Tel: 678-534-1980
Fax: 404-806-0624                              Attorney for Plaintiff